E. A. TURNER, plaintiff in error, *vs.* JOHN K. McCARTER, defendant in error.

Where a suit was pending against two joint and several obligors, one of whom claimed to be security only for the other, and this was known to the plaintiff, and the principal had filed a plea to the merits of the action, and the plaintiff, without the action or consent of the surety, and after the surety, satisfied that no trial could be had on the plea at that term of the Court, had gone home, dismissed his suit as to the principal, to get clear of the plea, and then took a judgment against the surety, and the surety filed a bill to enjoin the judgment, alleging these facts, and alleging, further, that at the time the suit was dis. missed against the principal, the debt was barred by the Statute of Limitations, and if the surety paid the debt, he was, by this act of the plaintiff, deprived of his rights to recover it from the principal:

*Held*, That there was equity in the bill, and the Judge, on the facts of the case, as they appeared on the bill, answer and affidavits, ought to have granted the injunction until the trial could be had on the case made by the bill.

Injunction. Principal and Surety. Practice. Before Judge HOPKINS. DeKalb county. Chambers. February, 1871.

In 1863, E. A. Turner and H. H. Weaver gave to Mc-Carter a promissory note, signed by them, and due on the

Turner *vs.* McCarter.

12th of March, 1863. In 1869, McCarter sued them thereon as joint promissors. No plea appears by the record. At September Adjourned Term, 1871, McCarter's attorneys dismissed, as to Weaver, and took a judgment, by default, against Turner. *Fi. fa.* issued and was proceeding to sell Turner's property. He prayed for an injunction. He averred that he was, in fact, but Weaver's security, and that McCarter knew it; that Weaver had filed a plea, which is lost, and the cause had to stand for trial before a jury, in its regular order. He said he filed no plea, because he was willing for a judgment to go against him and Weaver, jointly. That the plaintiff's attorneys waited till the last day of the term, when it was obvious that said cause could not be reached in its order as a cause at issue, and, after he had left Court, dismissed as aforesaid, without notice to him, and took said judgment. He said he should not be compelled to pay the note, because by such action of plaintiff's counsel, suit against Weaver was forever barred by the Limitation Act of 1869. Further, he said said judgment was void, because plaintiff had filed no affidavit of payment of taxes, nor proved their payment, as required by the Relief Act of 1870.

The Chancellor ordered McCarter to show cause why the injunction should not be granted. The answer admitted all the statements in the bill, except the loss of Weaver's plea, and that Turner was but Weaver's security. It stated that Weaver's sole plea was that, in 1863, he had tendered McCarter Confederate currency in payment of the note, which he refused, and which Weaver kept for him till it was worthless, and it charged that Turner was a principal debtor. On the hearing, there was evidence, *pro* and *con*, as to the alleged securityship of Turner. The Chancellor refused the injunction, and that is assigned as error.

J. B. STEWART and L. J. WINN, by L. B. SPENCER, for plaintiff in error. Obligation and rights of sureties: R. Code, secs. 2122, 2138; 19 Ga. R., 551. As to laches in

defending: 1 Ga. R., 136; 2d, 275; 3d, 78; 4th, 181; Dan. Ch. Pr., 141; R. M. Charlton's R., 93. Surety not bound to plead: R. Code, secs. 2139, 3128. As to tax, etc.: Acts 1870, p. 31.

HILL & CHANDLER, by the REPORTER, for defendant: Weaver had his day in Court: R. Code, secs. 3621, 3537. Judgment set aside for fraud or laches, unmixed with negligence or fault of movant. Act of 1870 unconstitutional.

McCAY, J.

The record in this case shows that the defendant, having a suit pending against the complainant and Weaver, to which Weaver had filed a defense, dismissed it under such circumstances as, in law, to discharge the complainant from the debt on which the suit was founded.

Complainant sets up that he was, in fact, only security on the note, which McCarter well knew; that being only security, he rested upon Turner's defense, and filed no plea of his own; that he stayed in attendance at the Court until it was well ascertained that the case, it being, as a plea was filed, a jury case, would not be tried, that after he had gone home, and just before the Court adjourned, the plaintiff in the suit, McCarter, in order to get clear of Weaver's plea, dismissed the suit as to him, and as the case was then without a plea, took a judgment against the present complainant, by the Judge's order on the minutes, under the new rules of the Court. The bill charges that, at the time the suit was dismissed as to Weaver, the note was barred by the statute of limitations, and that the necessary effect of the dismissal was to injure the complainant by depriving him of his right to go upon Weaver, the principal, in case he paid the money.

If these facts be true, we think the case a clear one for the complainant. Here was an act of McCarter, which "increased his (complainant's) risk, exposed him to greater lia-

bility, and injured him:" Revised Code, 2126. Here is a case in which, by *the act of the creditor*, "the liability of the principal became extinct:" Revised Code, 2121. This act of the principal did not and could not have come to the knowledge of the surety until after the judgment against him.

It is an every day exercise of chancery jurisdiction to grant a new trial and enjoin a judgment at law in consequence of the discovery of a defense which the complainant did not know of, and could not, with proper diligence, have known before the judgment at law: 1 *Georgia Reports*, 136; 2 *Georgia Reports*, 275; 3 *Georgia Reports*, 78; 4 *Georgia Reports* 181. This defense did not accrue until a few minutes before the judgment, and from the very nature of it could not have come to the knowledge of the security. We are clear, therefore, that if the complainant has stated the facts truly, he has a strong claim to relief. The answer admits all the facts but one; especially, does it admit the amendment dismissing the suit as to Weaver under the circumstances charged. The fact not admitted, but positively denied, is that the complainant was Weaver's security. We are not sure that the complainant would not have the same ground of relief, if he is to be considered a joint obligor instead of a security. It was a serious wrong against Turner for McCarter to dismiss the suit *versus* Weaver under the circumstances. A creditor has no right to act so as to discharge one joint obligor to the injury of his co-obligor. And even under the state of facts set forth by McCarter, however the parties might stand as to him, as between themselves Weaver was the principal, and the loss of the debt as against Weaver would be a total loss to Turner if he has it to pay.

But we think the evidence that Turner was only surety, even as to McCarter, is very strong. On one side we have the statement of Turner and of Weaver, of two of the arbitrators and of Norton. On the other, the statement of McCarter, and of two others, both of whom, however, only testify

negatively, to-wit: that they did not hear the statements testified to by the other witnesses.   The evidence for the complainant largely preponderates, and we think the injunction ought to have been granted.   Indeed, we suppose the refusal of the Judge was not put on the facts but on the law, and on the effect of the judgment.   But as we have said, this was not under the circumstances a bar, and we reverse the judgment.

Judgment reversed.